United States District Court
Southern District of Texas
**ENTERED**
September 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:16-CR-905 |
| | § | |
| **JACOB FRANK LAO,** | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Jacob Frank Lao's Emergency Motion Requesting Compassionate Release Under 18 U.S.C. § 3582(c) and 18 U.S.C. § 3624(c)(2) Extension of Time Allowed in Home Confinement (D.E. 33), to which the Government has responded (D.E. 38).

**I. BACKGROUND**

During an investigation into the Corpus Christi Tango Blast gang, a Texas Department of Public Safety (DPS) Criminal Investigations Division agent identified Defendant, a confirmed Tango Orejon gang member, as a cocaine and crack cocaine distributer in the Corpus Christi area. In November 2015, DPS executed a state search warrant of Defendant's residence. A search of the kitchen revealed cocaine, crack cocaine, a black Springfield 9mm sub-compact pistol with a magazine loaded with 13 bullets, and packaging materials and items used to cook narcotics. A search of the bedroom revealed a 9mm pistol magazine containing 13 bullets, 39 additional bullets, and marijuana. Inside a closet safe, agents found an RG .38 special revolver, a silver 9mm pistol magazine containing five bullets, and U.S. currency. In March 2017, Defendant pled guilty to being a felon in possession of a firearm and to possession with intent to distribute approximately 15.44 grams of crack cocaine. He was sentenced to 51 months' imprisonment on each count, to be served concurrently.

1

Defendant has served 38 months (75%) of his sentence and has a projected release date, after good time credit, of February 10, 2021. The Bureau of Prisons (BOP) has scheduled his release to a residential re-entry center (RRC) in San Antonio, Texas, on October 13, 2020. Citing 18 U.S.C. §§ 3582(c) and 3624(c)(2), Defendant now moves the Court to order that he be allowed to serve the remainder of his sentence on home confinement instead of an RRC because his underlying medical conditions (asthma and "other upper respiratory disorders") make him particularly vulnerable to severe illness or death should he contract COVID-19 in custody. Defendant has provided a copy of the written request for release to home confinement he says he submitted to the Warden at FCI Estill on April 6, 2020, to which he never received a response.[1]

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under a limited number of circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>       (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

1. According to the Government, Defendant's case manager reported that Defendant never submitted this request to the Warden.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.—**
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant. –**
>
> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> **(D) Other Reasons. –**
>
> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and

> medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant is 33 years old and has submitted medical records confirming that he suffers from asthma. According to the Centers for Disease Control and Prevention, people of any age who suffer from moderate-to-severe asthma might be at an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (July 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The Court finds the fact that Defendant might be at an increased risk of severe illness should he contract COVID-19—coupled with the fact that, so far, zero inmates at FCI Estill have tested positive for SARS-CoV-2, the novel coronavirus that causes COVID-19—is not an extraordinary and compelling reason for compassionate release. Even if it were, the § 3553(a) factors, as considered in the specific context of the facts of Defendant's case, do not warrant a reduction in his sentence. Defendant was a crack dealer affiliated with the dangerous gang Tango Orejon. Despite being a convicted felon, he also possessed a loaded weapon in connection with dealing crack.

Reducing Defendant's sentence and/or releasing him to home confinement early would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion Requesting Compassionate Release Under 18 U.S.C. § 3582(c) and 18 U.S.C. § 3624(c)(2) Extension of Time Allowed in Home Confinement (D.E. 33) is **DENIED**.

It is so **ORDERED** this 1st day of September, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE